UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**CHARLES MALKUS,**

    **Plaintiff,**

                                         **CASE NO.:  6:07-CV-01811-GAP-KRS**

**vs.**

**MIRO, LLC., A FLORIDA CORPORATION, AND NAUSHIK HOODA, INDIVIDUALLY**

    **Defendant.**
_____/

### THIRD AMENDED COMPLAINT & DEMAND FOR JURY TRIAL

1. Plaintiff, CHARLES MALKUS was an employee of Defendant MIRO, LLC, and NAUSHIK HOODA, (collectively "Defendants") brings this action for unpaid overtime compensation, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").  Plaintiff was sales person and performed related activities for Defendants in Seminole County, Florida.

2. Defendant, MIRO, LLC, is a Florida corporation that operates and conducts business in, among others, Seminole County, Florida, and is therefore, within the jurisdiction of this Court.

3. This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, and reasonable attorneys' fees and costs.

4. Defendant, NAUSHIK HOODA, is a manger who acted with direct control over the work, pay, and job duties of Plaintiffs.

5. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FLSA.

6. At all material times relevant to this action, Defendant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203 (s).

7. At all times relevant to this action, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty within a work week.

8. During employment with Defendants, Plaintiff was not paid time and one-half their regular rate of pay for all hours worked in excess of forty (40) per work week during one or more work weeks.

9. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

10. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-9 above.

11. Plaintiff is/was entitled to be paid time and one-half their regular rate of pay for each hour worked in excess of forty (40) per work week. During employment with

Defendants, Plaintiff regularly worked overtime hours but were not paid time and one half compensation for same.

12. As a result of Defendants' intentional, willful, and unlawful acts in refusing to pay Plaintiff time and one half their regular rate of pay for each hour worked in excess of forty (40) per work week in one or more work weeks has suffered damages plus incurring reasonable attorneys' fees and costs.

13. As a result of Defendants' willful violation of the FLSA, Plaintiff is entitled to liquidated damages.

14. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendants for the payment of all overtime hours at one and one-half the regular rate of pay for the hours worked by them for which Defendants did not properly compensate them, liquidated damages, reasonable attorneys' fees and costs incurred in this action, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- BREACH OF CONTRACT

15. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-14 above.

16. During Plaintiff's employment, Defendant, Miro, LLC, agreed to pay Plaintiff an hourly wage of $10, plus 10% commission of the total gross of all banquet revenue received by Defendant, Miro, LLC, as a result of Plaintiff's efforts.

17. Plaintiff agreed to these terms and conditions.

18. Notwithstanding this agreement, Defendant, Miro, LLC, failed to pay Plaintiff for all commissions due.

19. Thus, Defendant, Miro, LLC. failed to pay Plaintiff his earned commissions as agreed, thereby breaching the agreement between the parties.

20. As a result of Defendant, Miro LLC's actions, it has breached its Agreement with Plaintiff, and Plaintiff seeks to recover his damages as a result.

21. Pursuant to Section 448.08, Florida Statutes, Plaintiff is entitled to the costs of this action and a reasonable attorneys' fee as he has made a claim for wages under applicable Florida law.

22. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff demands judgment against Defendant, Miro LLC, for the payment of all unpaid commissions, reasonable attorneys' fees and costs incurred in this action pursuant to Section 448.08, Florida Statutes, and any and all further relief that this Court determines to be just and appropriate.

## **COUNT III- RECOVERY OF TREBLE DAMAGES PURSUANT TO FL. STAT. 686.201**

Plaintiff, pursuant to Federal Rules of Civil Procedure 8(e)(2) and Florida Rules of Civil Procedure 1.110(b)(3), pleads this Count in the alternative to paragraphs 1-22 above. Specifically, Plaintiff pleads that if the Court finds that Plaintiff was not an employee of either Defendants, Miro LLC or Naushik Hooda, individually, Plaintiff alleges that he was an independent contractor for Defendant, Miro LLC, entitled to treble

damages for Defendant's failure to pay commissions due within thirty days based on the following:

23. Pursuant to contract, Defendant, Miro LLC, hired Plaintiff to perform sales for at its hotel December 2006.

24. Defendant, Miro, LLC, gave Plaintiff the title of Director of Marketing.

25. Defendant, Miro, LLC, agreed to pay Plaintiff, an hourly wage of $10, plus 10% commission of the total gross of all banquet revenue received as a result of Plaintiff's efforts.

26. Plaintiff's agreement with Defendant, Miro LLC, was not reduced to writing.

27. Defendant, Miro LLC, labeled Plaintiff as an independent contractor.

28. Plaintiff's employment relationship with Defendant, Miro LLC, ended on or about October 1, 2007.

29. As Plaintiff approached the end of his employment, Defendant, Miro, LLC, arbitrarily reduced Plaintiff's commission percentages.

30. In addition, Defendant, Miro LLC, refused to pay Plaintiff all commissions due and owing according to the Parties' agreement.  As such, Defendant breached the parties' contractual agreement.

31. Defendant, Miro LLC, has failed to pay Plaintiff all commissions due and owing within thirty (30) days of Plaintiff's last date of employment with Defendant.

32. Due to the Defendant, Miro LLC's failure to pay commissions due to Plaintiff within thirty days, Plaintiff is entitled to treble damages pursuant to Florida Statute 686.201.

WHEREFORE, Plaintiff demands judgment against Defendant, Miro LLC, for the payment of all treble damages pursuant to Section 686.201, Florida Statutes, and any and all further relief that this Court determines to be just and appropriate.

Dated this 18th day of February, 2008.

        **s/ CARLOS LEACH**
        Carlos V. Leach, Esquire
        FBN 0540021
        Morgan & Morgan, P.A.
        20 N. Orange Ave., 4th Floor
        P.O. Box 4979
        Orlando, FL 32802-4979
        Telephone:   (407) 420-1414
        Facsimile:    (407) 420-5956
        Email: cleach@forthepeople.com
        Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to the following: William G. Osborne, Esquire, William G. Osborne, P.A., 538 E. Washington Street, Orlando, FL 32801, E-mail: wgo_pa@hotmail.com, on this 18th day of February 2008.

        **s/ CARLOS LEACH**
        CARLOS LEACH, ESQUIRE